UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BANANA REPUBLIC ITM INC., a California corporation; and DOES 1-10,<br><br>Defendant. | Case No.: 3:20-cv-01671-BEN-NLS<br><br>**ORDER DENYING JOINT MOTIONS TO EXTEND TIME TO RESPOND TO COMPLAINT**<br><br>**[ECF Nos. 4, 5, 6]** |

## I. INTRODUCTION

Plaintiff Scott Schutza ("Plaintiff") brings this action seeking injunctive relief and damages against Defendant Banana Republic ITM, Inc., a California corporation ("Defendant") for violations of the (1) Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and (2) California Unruh Civil Rights Act, CAL. CIV. CODE, § 51, *et seq*. ECF No. 1.

Before the Court are three Joint Motions to Extend the Time to Respond to the Complaint (the "Joint Motion"). ECF Nos. 4, 5, 6. After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** the first and second joint motions, ECF Nos. 4 and 5, as moot and **DENIES** the third Joint Motion, ECF No. 6, for lack of good cause. Defendant must file a responsive pleading by December 7, 2020.

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that he uses a wheelchair for mobility and prides himself on empowering other disabled persons. ECF No. 1 at 3, ¶ 9. He further alleges that Defendant's store is open to the public as a place of public accommodation. *Id.* at 3, ¶ 10. He states that on or around July 7, 13, and 29, 2020, he went to Defendant's store to shop for and purchase clothing. *Id.* at 3, ¶ 11. However, on his visits, he alleges that he encountered barriers that interfered with and denied him the ability to use and enjoy the goods, services, privileges, advantages, and accommodations offered by Defendant, including but not limited to a lack of accessible counters. *Id.* at 3, ¶ 13, 4, ¶ 15.

### B. Procedural History

On August 26, 2020, Plaintiff filed his complaint with the Court. ECF No. 1. Defendant was served on September 1, 2020. ECF No. 3.

To date, Defendant has not filed a responsive pleading. Instead, on September 22, 2020, the parties filed a Joint Motion seeking to extend Defendant's deadline to respond to the complaint from September 22, 2020 to October 22, 2020. ECF No. 4. Although the Court did not grant this Joint Motion, no responsive pleading was filed.

On October 22, 2020, the parties filed a second joint motion seeking to extend Defendant's deadline to respond to the complaint to November 23, 2020. ECF No. 5. Although the Court did not grant this motion, on November 23, 2020, the parties filed a third joint motion to extend Defendant's time to file a responsive pleading to December 23, 2020. ECF No. 6.

## III. LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure requires a defendant to file a responsive pleading within either (1) twenty-one days of being served with the summons and complaint or (2) sixty days after the request for a waiver was sent. Pursuant to the Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case." S.D. Cal. Civ. R. 12.1. Thus, "[i]n the Southern District,

court approval is required for *any* extension of time to answer or move to dismiss the complaint." Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV. DISCUSSION

In the joint motions, the parties claim that "Defendant has begun investigating Plaintiff's allegations in the Complaint and will need more time to meet and confer with Plaintiff's counsel as to potential informal resolution of this matter." ECF No. 6 at 2. The parties elaborate that "[t]he ongoing crisis involving the COVID-19/Coronavirus pandemic has caused Defendant to devote nearly all of its administrative and operational resources to responding to the significant number of business issues raised by the pandemic," and as such, "[g]ood cause exists for Court to grant the jointly- requested extension." *Id.*

While courts have discretion to grant extensions of time to file a responsive pleading, the parties here jointly agreed that Defendant could receive an extension of time to respond without securing the requisite court approval before doing so. While the Court agrees that a thirty (30) day extension is (and would have been) warranted, granting the initial joint motion would be futile as the deadline requested in that motion of October 22, 2020 has already passed. Thus, the Court denies the first joint motion as moot. *See*, *e.g.*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009) ("we conclude that an issue is moot when deciding it would have no effect within the confines of the case itself"). Similarly, because the deadline requested in the second joint motion has likewise passed, that motion is also denied as moot. *See id.* The Court denies the third Joint Motion for lack of good cause given that Defendant has already received a sixty (60) day, self-granted extension.

## V. CONCLUSION

For the above reasons, the Court **DENIES** the first and second joint motions, ECF No. 4 and 5, as moot and **DENIES** the third Joint Motion, ECF No. 6, for lack of good cause. Defendant must file a responsive pleading by Monday, December 7, 2020.

**IT IS SO ORDERED.**

DATED:   November 30, 2020

**HON. ROGER T. BENITEZ**
United States District Judge

-3-

3:20-cv-01671-BEN-NLS